UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Geoffrey Friend, | Case No. 2:25-cv-01069-APG-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| Clark County, et al., | |
| Defendant(s). | |

The Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 9. Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

1

286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Pursuant to Rule 8, litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Courts routinely reject so-called "shotgun pleadings" in which causes of action are predicated on vague reference to the earlier factual allegations. *See, e.g.*, *Lopez v. Iaela-Tokugawa*, 2025 WL 3164232, at *2 (D. Nev. Aug. 6, 2025), *adopted*, 2025 WL 3162016 (D. Nev. Nov. 10, 2025). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff's complaint fails to comply with Rule 8. The complaint alleges that Plaintiff was "involved in a police chase," at the conclusion of which he was surrounded by law enforcement while in a cement truck. Docket No. 1-1 at ¶¶ 1-2. Upon exiting the cement truck, an unidentified officer deployed a "flash-bang." *See id.* at ¶¶ 3-4. Another unidentified officer ordered a police dog to attack Plaintiff, and the dog threw him to the ground and bit him. *See id.* at ¶ 5. A third unidentified officer shot Plaintiff with rubber bullets. *See id.* at ¶ 6. Moreover, "Defendants" punched and kicked Plaintiff. *See id.* at ¶ 7. Plaintiff alleges that Defendant McMahill promulgated policies allowing for the force described. *See id.* at ¶ 10.

From this factual predicate, Plaintiff attempts to sue 14 named defendants and 250 unnamed defendants. *See id.* at p. 3. The complaint includes 14 causes of action, each of which appears to be brought against all defendants. *See id.* at ¶¶ 11-46. While the facts alleged would appear to fit within a Fourth Amendment excessive force rubric,[1] the complaint provides causes of action representing the proverbial kitchen sink, including claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, various state constitutional claims, and various state tort claims. The claims generally consist of the identification of the claim in generic terms, followed by incorporate by reference to the preceding paragraphs. For example, the third claim is as follows:

> Sixth Amendment to the US Constitution
>
> The accused shall enjoy the right to a speedy and public trial, by an impartial jury.
>
> Paragraphs 12 through 14 are adopted and incorporated by reference, except all references to the fourth amendment shall be to the sixth amendment with the amendment that defendants subjected [Plaintiff] to punishment without the benefit of trial by jury in violation of his rights. This right was violated by all defendants.

*Id.* at ¶¶ 17-18. No further elaboration is provided as to how the facts alleged (regarding the end of a police chase and apprehension of Plaintiff into custody) constitutes a Sixth Amendment violation. No allegations are provided as to how each Defendant engaged in conduct that would violate Plaintiff's Sixth Amendment rights. Instead, Plaintiff simply incorporates by reference allegations made earlier, alludes to the Sixth Amendment, and then seeks relief against "all defendants." Reciting legal conclusions does not comply with Rule 8, *Iqbal*, 556 U.S. at 678, and shotgun pleadings do not comply with Rule 8, *Apothio*, 599 F. Supp. 3d at 1000. Moreover,

---

[1] Even if viewed within the excessive force rubric, insufficient detail is provided. For example, the three identified police officers in the complaint are Austin, Iannaccone, and Lea. The complaint alleges that Defendant Austin discovered Plaintiff in the cement truck. *See id.* at ¶ 1. The complaint alleges that Defendants Iannaccone and Lea "surrounded the truck." *Id.* at ¶ 2. The Fourth Amendment claim is brought against all defendants, but fails to allege how it would be that Iannaccone, Lea, or Austin engaged in excessive force by the conduct alleged. *See id.* at ¶¶ 11-14. To repeat, Rule 8 requires a complaint with factual allegations setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry*, 84 F.3d at 1178.

3

lumping together defendants also violates Rule 8.  *See, e.g.*, *Cai v. Enterprise Leasing Co.-W. LLC*, 2024 WL 810885, at *2 (D. Nev. Feb. 27, 2024) (collecting cases).

In short, Plaintiff's complaint does not comply with Rule 8 and is subject to dismissal on that ground.  Although it appears Plaintiff may well have difficulty in properly alleging claims in a number of ways,[2] the Court will provide leave to amend.

### III.    Conclusion

Accordingly, **IT IS ORDERED** that:

1. The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

2. Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **February 2, 2026**, to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

---

[2] The Court focuses herein on the Rule 8 violations as an overarching problem, but there are other problems apparent from the face of the complaint.  By way of example, Plaintiff is attempting to bring § 1983 claims against the state of Nevada. *But see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (states are not "persons" amenable to suit under § 1983).  As another example, Plaintiff is attempting to sue local defendants under the Fifth Amendment. *But see Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments").  Because the complaint does not comply with Rule 8 as an overarching matter, however, the Court leaves the other issues for another day.

3. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: January 12, 2026

_____
Nancy J. Koppe
United States Magistrate Judge