**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| George Friend,<br><br>          Plaintiff(s),<br><br>v.<br><br>Clark County, et al.,<br><br>          Defendant(s). | Case No. 2:25-cv-01069-APG-NJK<br><br>ORDER |

Pending before the Court is Plaintiff's amended complaint, Docket No. 18, which the Court screens herein with respect to the individual police officers pursuant to 28 U.S.C. § 1915(e).[1]

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

---

[1] The Court issues a separate screening order as to the claims against Clark County and Kevin McMahill.

1

286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's amended complaint asserts a claim against four police officers for excessive force. Docket No. 18 at 2-4. A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Allegations that law enforcement officers used excessive force in arresting a plaintiff may establish a violation of the Fourth Amendment. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013).[2] Whether force used is constitutionally excessive turns on the objective reasonableness of the force used. *Id.* Relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness of force is "ordinarily a question of fact for the jury." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1236 (9th Cir. 2013).

Plaintiff is a state prisoner who brought this suit arising out of allegations from his involvement in a police chase. *See, e.g.*, Docket No. 13 at 4. In his amended complaint, Plaintiff alleges that he was trying to surrender to police when John Doe 2 released his dog on Plaintiff. Docket No. 18 at 3. The dog bit Plaintiff. *Id.* While Plaintiff was on the ground with the dog biting him, John Doe 3 shot Plaintiff with a rubber bullet. *Id.* Plaintiff was then being cuffed when

---

[2] The amended complaint attempts to bring this claim under the Eighth Amendment. Docket No. 18 at 3. Liberally construing the amended complaint, the Court considers the claim as brought based on an alleged Fourth Amendment violation.

John Doe 2, John Doe 3, John Doe 4, and John Doe 5 began kicking and hitting Plaintiff's body and head. *Id.* At some point, a flash bang was also set off. *See id.* Plaintiff alleges that the force exerted was unnecessary given that he was attempting to surrender. *See id.* Plaintiff alleges that he was injured as a result of the incident. *See id.* at 2, 5.

Plaintiff's allegations appear to omit pertinent information, including the crime for which he was apprehended. While it is a close call whether his claim has crossed the line from conceivable to plausible, for purposes of the screening stage and given Plaintiff's *pro se* status, the Court will err on the side of caution and allow the claim to proceed against the John Doe police officers.

The Ninth Circuit has held that, where the identity of defendants is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities of the defendants, or that the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).[3] As such, the Court will not order issuance of summonses or service at this time. Instead, Plaintiff will be provided 90 days to identify the John Doe police officers.

Accordingly, Plaintiff is **ORDERED** to file a notice identifying the John Doe police officers by July 20, 2026. **Failure to comply with this deadline may result in dismissal of this claim.**

IT IS SO ORDERED.

Dated: April 20, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Failure to identify doe defendants within the time set by the Court may result in dismissal. *See, e.g., ME2 Prods. v. Doe*, 2017 U.S. Dist. Lexis 63920, at *2-3 (D. Nev. Apr. 27, 2017) (collecting cases).